Ordered that respondent's application is granted; and it is further ordered that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner; BRIAN P. KOWALSKI, Respondent. [931 NYS2d 916]—

Per Curiam.

Respondent now requests reinstatement on the ground that he has complied with the attorney registration requirements of Judiciary Law § 468-a and the Rules of the Chief Administrator of the Courts (*see* 22 NYCRR part 118). Petitioner does not object to respondent's application.

Respondent's application is granted and he is ordered reinstated, effective immediately.

Mercure, J.P., Peters, Spain, Rose and Lahtinen, JJ., concur. Ordered that respondent's application is granted; and it is further ordered that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner; RANDY S. PERLMAN, Respondent. [931 NYS2d 917]—

Per Curiam.

Respondent now requests reinstatement on the ground that he has complied with the attorney registration requirements of Judiciary Law § 468-a and the Rules of the Chief Administrator of the Courts (*see* 22 NYCRR part 118). Petitioner does not object to respondent's application.

Respondent's application is granted and he is ordered reinstated, effective immediately.

Mercure, J.P., Peters, Spain, Rose and Lahtinen, JJ., concur.

Ordered that respondent's application is granted; and it is further ordered that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

(November 10, 2011)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent-Appellant, v REBECCA POLOMAINE, Appellant-Respondent. [932 NYS2d 571]—

Malone Jr., J.

In 2007, defendant was indicted and charged with assault in the first degree, reckless assault of a child, and reckless assault of a child by a daycare provider after a two-year-old female child suffered severe injuries, including a skull fracture and permanent brain damage, while in defendant's care on March 27, 2007. Following a jury trial, defendant was found guilty as charged, although the conviction of reckless assault by a daycare provider was subsequently dismissed by County Court. Thereafter, defendant was sentenced to a prison term of 18 years, with five years of postrelease supervision. Defendant appeals.[1]

Initially, we are not persuaded by defendant's contention that the convictions are against the weight of the evidence. The conviction of assault in the first degree required proof that, "[u]nder circumstances evincing a depraved indifference to human life, [defendant] recklessly engage[d] in conduct which create[d] a grave risk of death to another person, and thereby cause[d] serious physical injury to another person" (Penal Law § 120.10 [3]). The conviction of reckless assault of a child required proof that defendant "recklessly cause[d] serious physical injury to the brain of a child less than five years old by shaking the child, or by slamming or throwing the child so as to impact the child's head on a hard surface or object" (Penal Law § 120.02 [1]).

The evidence established that prior to March 27, 2007, the

1. Although the People filed a notice of cross appeal from County Court's dismissal of defendant's conviction of reckless assault of a child by a daycare provider, the People have not raised any challenge to the dismissal in their brief on appeal and, thus, the cross appeal is dismissed as abandoned (see Matter of Bjork v Bjork, 58 AD3d 951, 952 n [2009], lv denied 12 NY3d 708 [2009]).